Glen L. and Mabel Stocklaufer v. Commissioner. Glen L. Stocklaufer v. Commissioner.
Stocklaufer v. Commissioner
Docket Nos. 38003, 38004.
United States Tax Court
1953 Tax Ct. Memo LEXIS 110; 12 T.C.M. (CCH) 1099; T.C.M. (RIA) 53393; September 22, 1953
*110 Glen L. Stocklaufer, 112 North Vermont, Sugar Creek, Mo., for the petitioners. Melvin A. Bruck, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, J.: Respondent determined deficiencies in income tax as follows: Docket
No.
Petitioner
Year
Deficiency
38003
Glen L. and Mabel
Stocklaufer
1950
$190.00
38004
Glen L. Stocklaufer
1948
112.32
1949
129.25
The only issue presented is what income did petitioner Glen L. Stocklaufer receive in tips in 1948, 1949 and 1950. Findings of Fact Glen L. Stocklaufer and Mabel Stocklaufer, husband and wife, are residents of Sugar Creek, Missouri. Glen L. Stocklaufer, hereinafter referred to as petitioner, and his wife were married in 1950. Petitioner filed separate returns for 1948 and 1949, and a joint return for 1950 with the collector of internal revenue for the sixth district of Missouri. Petitioner was employed as a cab driver for the Yellow Cab Company of Missouri in Kansas City, Missouri. By the rules of the company, he was not restricted to any particular area or district of Kansas City. Petitioner was paid a commission based on 40 per cent of the *111 gross fares collected while he operated his cab. His gross fares and his commission income for the years before us are as follows: Commission
Year
Gross Fares
Income
1948
$6,287.45
$2,514.98
1949
5,921.35
2,368.54
1950
5,491.03
2,196.41
Sometime in the latter part of April 1951 petitioner and an auditor of the Internal Revenue Service discussed petitioner's 1950 return. Petitioner was requested to verify his exemptions and dependents for that year. During this first conference petitioner was also asked whether he received tips from his passengers. He first denied the receipt of any tips, but later, at another conference, he admitted that some passengers did tip. Petitioner was informed that his taxable income would be increased to account for his tips and that the increase would be 10 per cent of the gross fares received from the operation of the cab. After he was told of this adjustment, and at his next conference with the revenue agent, petitioner produced a clean uncreased sheet of paper showing by date the amount of tips received for 1950; the aggregate sum shown thereon was less than $50. At the hearing petitioner produced three other sheets *112 of white, lined, 3-hole loose leaf paper. There was a sheet for each of the years 1948, 1949 and 1950, and for each year there were entries indicating the work periods divided into weeks, the corresponding gross fares, and a figure representing an amount for tips for the work period. These sheets indicate that the alleged total tips for 1948 were $81.65, and for 1949 and 1950 they were $66.40 and $49.45, respectively. Petitioner did not report any tip income for these years. However, respondent determined that petitioner received income from tips in the amount of 10 per cent of the gross cab fares. Petitioner received tips in 1948, 1949 and 1950 in the amount of 10 per cent of his gross cab receipts. Opinion Respondent has determined that petitioner received income in the form of tips which was not reported in 1948, 1949 and 1950. Petitioner contends that tips are gifts or gratuities and are not taxable. Petitioner also objects to the amount of the tips as determined by the respondent. It has been established that tips are in the nature of compensation for services rendered and that they constitute income to the recipient. ; affd. *113 , . The question of whether petitioner received tips in the amount determined by the respondent is one of fact and we have made our finding after a review of the entire record. It may seem harsh to find that petitioner received tips based on 10 per cent of the gross cash fares; however, petitioner has given us no credible evidence whereby we may vary the 10 per cent figure as determined by respondent. Cf. . His inconsistent position with the auditor of the Internal Revenue Service and his written records of his alleged tips mitigate against him rather than support his position. The form, style and color of the entries gave the appearance that all the sheets were prepared at the same time, rather than contemporaneous with the payment of the tips. If these were summary sheets, we have no proof as to the original records. The burden is upon petitioner to show respondent's error in the deficiency determinations, but he failed in his proof. The respondent is sustained. Decisions will be entered for the respondent.